FILED
2025 Dec-04 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ALABAMA

FILED

2025 DEC -4 A 11: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BEVERLY BARBER, | * | |
| Plaintiff, | * | |
| v. | * | |
| ROMAN HAUL, in his individual | * | Case no: 2:25-CV-00671 |
| and official capacity; | * | |
| MARK MOODY, in his individual | | |
| and official capacity; | | |
| Defendants | | |

# MOTION FOR RECUSAL OF DISTRICT JUDGE COREY MAZE PURSUANT TO 28 U.S.C. § 455

## I. INTRODUCTION

This civil rights action challenges systematic suppression of exculpatory evidence by Alabama state officials. The presiding judge previously served as a prosecutor where he withheld exculpatory evidence in a high-profile murder case. A reasonable person would question whether a former prosecutor with a history of evidence suppression can impartially adjudicate claims that state officials suppressed evidence. Recusal is mandatory.

## II. FACTUAL BACKGROUND

### A. This Case: Claims of Systematic Evidence Suppression

1

Plaintiff presents evidence that Alabama State Bar officials and state court judges systematically suppressed exculpatory evidence:

- Attorney Charles Robinson received $50,000 claiming he defended cases he admits he never reviewed Attorney Robinson's admission under oath: "NO discovery" provided yet the fee award was for defending discovery violations. The bar ordered payment of fee as condition of reinstatement of licenses

- Attorney Robinson withheld the evidence and contact information for Witness Evan Morris over 2 years, when caught admitted his contacts even a year before. Evidence shows The bar officials were present to hear testimony and aware of the illegal subpoenas for privileged information; yet no action even though the same charge was grounds to sanction another attorney last year.

**B. The Judge's History: Suppression of Exculpatory Evidence as Prosecutor in a high profile murder case raised concern for his position of neutrality in the instant case.**

## III. LEGAL STANDARD

**28 U.S.C. § 455(a):** "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

**28 U.S.C. § 455(b)(1):** Mandatory recusal where judge has "personal knowledge of disputed evidentiary facts concerning the proceeding."

The test is objective: would a reasonable person, knowing all the circumstances, question the judge's impartiality? *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).

## IV. RECUSAL IS REQUIRED

### A. Appearance of Impropriety (§ 455(a))

### B. The Pattern of Adverse Rulings Confirms Bias

The Court's TRO denial, despite evidence including:

- Sworn testimony of discovery violations

- Documentary proof of hidden exhibits

- Confirmation of electronic record alteration

- Witness testimony about fake court sites

3

- denied TRO saying no need to file again; after appeal is filed the judge sets hearing for in person appearance with the judge informed that the case is on appeal on this issue and Plaintiff does not want her appeal to the higher court to become moot.  The response is an order saying the TRO is moot whereby the following day the 11th circuit denies my request.  It was previously stated that the TRO would not be granted by the district court.  Plaintiff was aware the in person hearing was only for her  presence for an arrest  on the pending illegal warrant. (Note the facts  are  under review for what is referenced as one of the most egregious cases in Alabama's history  Fake virtual sites found  for witness testimony; illegal changes to state's filing system and court reporter transcripts; removal of evidence from Courtroom caught on video and illegal subpoenas for privileged information; yet  no reprisals; jury trial derailed, subpoena showed no jury panel ever ordered; counsel's pens taken during crucial testimony demanding no notes;  thus slanted transcript resulted, records removed from the county; 80 pages of trial exhibits did not reach the appellate court for review; . .....Then, the arrest order  filed the same morning

4

evidence ids filed to vacate the judgment with court orders to strike these pleadings.

- The above-stated facts relate to cases before this judge that have already been dismissed once without prejudice and are pending again.

C.    The attached motion requesting to supplement the record and the plea for this court to vacate an order with offensive mischaracterizations and factual inaccuracies appears to have never been included. The document is attached hereto and marked as Exhibit "A" in support of recusal.

## IV. ALTERNATIVE GROUNDS: DUE PROCESS

Even if statutory recusal is discretionary, due process requires a neutral arbiter. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). A judge with history of the exact misconduct being alleged cannot provide the constitutionally required neutral forum.

## V. RELIEF REQUESTED

1. **Recusal of Corey Maze** pursuant to 28 U.S.C. § 455
2. **Reassignment** to a different district judge

5

WHEREFORE, the Plaintiff prays that this Honorable

Court will grant this motion and for such other and different

relief as deemed appropriate the premises considered.


Respectfully submitted,

/s/ Beverly Owen Barber
105 Florida Rd.
Pell City, AL 35125
205 338 0729


## Certificate of Service

I hereby certify that I have served a copy of the foregoing by electronically filing using CM/ECF system which notification of such filing to the attorneys of record on this the 1st day of December , 2025 .

s/Beverly Owen Barber

6

# EXHIBIT "A"

Exhibit "A"

## UNTIED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **BEVERLY BARBER,** | * | |
| Plaintiff, | * | Case No. 4:25-cv-1387-CLM |
| v | * | |
| **BILLY MURRAY,** | * | |
| Defendant | | |

## *MOTION TO SUPPLEMENT THE RECORD*

COMES NOW the Plaintiff, Beverly Owen Barber, and respectfully moves this Honorable Court to supplement the record in the above-styled matter. In support of this motion, Plaintiff states as follows:

1. Plaintiff previously notified the Court of widespread technical disruptions during a multi-day system upgrade, which affected hundreds of filers and prevented timely submission of critical documents.

2. Plaintiff has filed a motion for **recusal resulting from** the Court's prior order, which contains **offensive mischaracterizations** and **factual inaccuracies**. These statements, now part of the

permanent record, risk **tainting the jury pool** and prejudicing Plaintiff's rights in other pending cases before this District Court.

3. An email sent to Judge Maze's chambers on August 28, 2025, outlines Plaintiff's objections to the order and requests that it be vacated. Due to technical failures at the time, Plaintiff was unable to file the email through standard channels. Accordingly, the full text of the email is reproduced below and respectfully submitted for inclusion in the record.

Respectfully,

s/Beverly Barber

---

please forward to the judge
beverlyobarber@yahoo.com
To: maze_chambers@alnd.uscourts.gov · Thu, Aug 28 at 9:13 AM

## Message Body

I am being adversely impacted by your order that references incorrect facts; plus there has been no hearing to present my evidence, your order clearly states that I cannot prove. I am pleading for you to vacate the order that includes your wording as specious for my allegations and states I will be unable to prove the facts; yet I have the evidence in hand. . Your are aware your orders can be used and filed in other cases which wrongfully and adversely effect other cases such as your reference to the hidden records I discovered and comments related to the trial judge.. I am operating from memory on these points and unable to recall everything from your order. System problems exist for hundreds of people who cannot access the records for their cases. The adverse details in your order seem

inapplicable to sheriff  Murray yet appear in this order which is a different case number for these extra details that appear in the order. Again, I am asking that you vacate the order that will be a nationally published decision.   I am hand delivering a copy of this email to the sheriff.  There is no exparte communication.  Again, I request that you allow the the opportunity to show the evidence before the Order reflects opinions on what I cannot prove.  As I stated I have the evidence; plus  I have called for outside investigations on these matters.

Beverly Barber

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion to Supplement  to Sheriff Billy Murray by facsimile on this the 29 day of August, 2025.

s/**Beverly Owen Barber**

105 Florida Rd

Pell City, AL 35125

205 362 1838

Beverly Barber
105 Florida Rd
Pell City, AL 35125



CERTIFIED MAIL

9589 0710 5270 3547 1690 91

Retail



35203

RDC 99

U.S. POSTAGE P
FCM LG ENV
PELL CITY, AL
DEC 01, 2025

$9.14

S2324E50082

United States District Court
Hugo L. Black United States Courthous
1729 5th Ave North
Birmingham, Alabama 35203

SECURITY

DEC 04 2025

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA