FILED
2026 Oct-23 AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BEVERLY BARBER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:25-cv-00671-MHH** |
| | } | |
| **ROMAN SHAUL, et al,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION AND ORDER**

Ms. Beverly Barber sued Roman Shaul, the General Counsel for the Alabama State Bar, and Mark Moody, the Assistant General Counsel for the Alabama State Bar, in their individual and official capacities. Ms. Barber alleged that the Bar's "disciplinary proceeding against [her] represent[ed] not justice, but vengeance—a calculated effort to silence truth-telling through the systematic exclusion of exculpatory evidence, protection of documented misconduct by favored attorneys, and the weaponization of professional discipline." (Doc. 7, p. 1). The Court dismissed Ms. Barber's second amended complaint and closed the case. (Doc. 31). The Court found that the *Rooker-Feldman* or *Younger* abstention doctrines jurisdictionally barred many of Ms. Barber's claims, and immunity doctrines barred Ms. Barber's other claims. (Doc. 31, pp. 14–19). In addition, as an independent reason for dismissal, the Court found that Ms. Barber's complaint failed to meet

federal pleading standards, and further amendment was not warranted. (Doc. 31, pp. 4–8, 16–17, 19–20). Ms. Barber has moved to reopen the case pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. 32).

***

Rule 59(e) allows plaintiffs to move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Rule 59 motions usually "cannot be used 'to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment.'" *Cent. Baptist Church of Albany, Georgia, Inc. v. Church Mut. Ins. Co.*, 146 F.4th 1003, 1013 (11th Cir. 2025) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). "[A] court may alter or amend a judgment if there is newly-discovered evidence or manifest errors of law or fact." *Cent. Baptist Church*, 146 F.4th at 1012–13 (quoting *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018)).

***

Ms. Barber contends that the Court erred in its application of the *Rooker-Feldman* doctrine because her claims are independent of the state-court judgments. (Doc. 32, pp. 5–6).[1] Ms. Barber also argues that the Court improperly resolved

[1] Ms. Barber also argues the Court improperly applied *Younger* abstention because the relevant orders were final, and *Younger* applies only to ongoing proceedings. (Doc. 32, p. 6). The Court understood that the relevant orders were final, which is why it relied on the *Rooker-Feldman*

contested jurisdictional facts against her without allowing her to present evidence through a hearing as she had requested. (Doc. 32, pp. 8–9).

In its prior order, the Court explained that many of Ms. Barber's claims necessarily implicate the validity of the state-court judgments because she alleged the defendants' conduct harmed her by affecting the judgments, and as relief, she asked the Court to overturn or suspend the enforcement of the judgments. (Doc. 31, pp. 14–16). The items Ms. Barber says she would have presented in a hearing would not change these fundamental characteristics of Ms. Barber's claims and requested relief.[2] The Court explained that not all of Ms. Barber's claims were dependent on the judgment, and thus the *Rooker-Feldman* doctrine did not bar all of Ms. Barber's claims; the Court dismissed the balance of Ms. Barber's claims on other grounds. (Doc. 31, pp. 15–16). To the extent Ms. Barber disagrees with the scope of the Court's *Rooker-Feldman* analysis, this is a matter for appeal.

Ms. Barber argues that the Eleventh Amendment and prosecutorial immunity

---

doctrine. The Court raised *Younger* abstention in a footnote only as an alternate ground for dismissal in case there were other, ongoing proceedings that Ms. Barber was challenging, as the second amended complaint was not entirely clear on this front. (Doc. 31, p. 16, n.3).

[2] Although not entirely clear, Ms. Barber appears to suggest that the state court judgments should be ignored because she was not afforded a fair hearing in state courts. (Doc. 32, pp. 2–4). Ms. Barber has not stated that she was prevented from filing a post-judgment motion in state court if she discovered new, wrongfully withheld evidence, or that she was prevented from pursuing state appeal processes and then filing a petition for writ of certiorari to the United States Supreme Court. Only in exceedingly rare circumstances not applicable here will a court find that state forums were so inadequate as to justify ignoring ordinary review processes. *See, e.g.*, *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 908–09 (11th Cir. 2023) (discussing issue in *Younger* abstention context).

do not bar her claims for prospective relief against the defendants in their official capacity, but the only "prospective" relief she identifies is stopping "[t]he continuing enforcement of the suspension order and the associated fee assessments." (Doc. 32, pp. 7–8). A party cannot bypass the *Rooker-Feldman* doctrine by reframing enforcement of a final order as "prospective." Ms. Barber has not otherwise explained why she is entitled to pursue prospective relief.

Ms. Barber argues that the Court erred in not allowing her to amend her complaint because "[d]ismissal with prejudice while denying amendment is appropriate only where amendment would be futile." (Doc. 32, p. 10). Ms. Barber's statement of law is incorrect; as the Court explained, the Eleventh Circuit and the Supreme Court have found that multiple other factors may justify denying leave to amend. (Doc. 31, pp. 4–8, 16–17, 19–20). The Court found these other factors were implicated here, and the Court also found that amendment would be futile. Ms. Barber's failure to meet federal pleading standards was an independent basis for the Court's dismissal of all of her claims. The material Ms. Barber argues she was prevented from presenting would not change the Court's analysis.

***

Accordingly, the Court denies Ms. Barber's Rule 59 motion. The Clerk of Court shall please TERM Doc. 32 and mail and email a copy of this order to Ms. Barber's addresses on file.

**DONE** and **ORDERED** this October 23, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE